IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KARL K. SHARROCK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-3210-CM/SAC |
| | ) | |
| **SGT. (FNU) STEPHENS,** | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Lansing Correctional Facility (LCF) and alleges that on September 17, 2010, defendant—plaintiff's crew boss—violated his constitutional rights by inappropriately touching plaintiff with a rake handle while plaintiff was clearing weeds. Under the Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e, an inmate can't file a lawsuit about prison life until available administrative remedies are exhausted. Because plaintiff failed to exhaust his administrative remedies before filing this lawsuit, defendant is entitled to summary judgment. Accordingly, the court grants defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 12).

**I.     Administrative Remedies in Kansas**

Under the PLRA, an inmate must exhaust available administrative remedies before filing a lawsuit about prison conditions. 42 U.S.C. § 1997e. For Kansas state prisoners, the administrative remedies require the inmate to seek an informal resolution with personnel who work with the inmate on a daily basis. K.A.R. § 44-15-101(b). If the informal resolution is unsuccessful, the inmate must progress through a three-level process that includes submitting a grievance report form to (1) the appropriate unit team member, (2) the warden of the facility, and (3) the office of the secretary of

-1-

corrections. K.A.R. § 44-15-101(d). The procedure to follow at each level is described in detail in K.A.R. § 44-15-102. The procedure includes a response deadline for each level, and an inmate may progress to the next level of the process if a timely response is not received unless an extension of the response time is agreed to in writing by the inmate. K.A.R. § 44-15-101b.

The Kansas regulations also include a process for a personal injury claim. Specifically, the inmate must file a personal injury claim with the facility and the secretary of corrections within ten calendar days of the incident. K.A.R. § 44-16-104a. Importantly, the requirements in this section apply regardless of whether the inmate pursues a grievance pursuant to § 44-15-101. K.A.R. § 44-16-104a(c).

## II. Defendant Provided Evidence that Administrative Remedies Were Available and Plaintiff Failed to Exhaust These Remedies

The Supreme Court recently explained that failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 223–24 (2007). Therefore, at summary judgment, defendant has the initial burden of presenting the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To satisfy this burden, defendant must prove administrative remedies were available and plaintiff failed to exhaust these remedies. *Purkey v. CCA Detention Ctr.*, 263 F. App'x 723, 726 (10th Cir. 2008).

The court determines that defendant satisfies his initial burden. Defendant identifies the grievance procedure and personal injury claim procedure discussed above. Defendant also attaches the affidavits of Doug Burris, the current custodian of inmate grievance appellate records submitted to the secretary of corrections on appeal, and Chris Ross, the LCF Grievance Officer. Mr. Burris attests that plaintiff did not submit a personal injury claim or grievance report form to the secretary of corrections. (Doc. 13-1 at 1.) Similarly, Mr. Ross attests that plaintiff did not submit a grievance report form to the warden at LCF. (Doc. 13-1 at 2.) This evidence establishes that grievance

procedures and personal injury claim procedures were available at LCF and that plaintiff failed to exhaust these procedures before filing this lawsuit.  Therefore, the burden shifts to plaintiff to show a genuine issue for trial.  Fed. R. Civ. P. 56(e).

### III. Plaintiff Has Not Presented Specific Facts Demonstrating a Genuine Issue of Material Fact

The court determines that plaintiff fails to satisfy his burden.  In reaching this conclusion, the court considered plaintiff's affidavit as well as the factual allegations in plaintiff's complaint and opposition that were based on personal knowledge and sworn to under penalty of perjury.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (explaining that plaintiff's complaint may be treated as an affidavit if it alleges facts based on personal knowledge and has been sworn to under penalty of perjury).  Taken together and construed broadly, plaintiff merely states that he: (1) filed an initial report with Lieutenant Beeson on September 18, 2010, (2) filed a Form 9 with Unit Team Arnold on September 24, 2010, (3) filed a grievance with Unit Team Greene on October 15, 2010, and (4) sent a letter to the secretary of corrections on an unspecified date.

These facts fail to create a genuine factual dispute for trial.  First, plaintiff provides no evidence indicating that he submitted a grievance report form for transmittal to the warden as required by level two of the grievance procedure.  K.A.R. § 44-15-101(d).  Second, plaintiff provides no evidence that he appealed his grievance to the secretary of corrections as required by level three.  *Id.*  Rather, for this level, plaintiff only alleges that he sent a letter to the secretary of corrections.  But writing a letter to the secretary of corrections, without complying with the three-step administrative process, is not proper exhaustion.  *See Harvey v. Rohling*, No. 11-3137-SAC, 2011 U.S. Dist. LEXIS 103265, at *16 (D. Kan. Sept. 12, 2011) ("Writing letters to federal agencies or officials . . . without following the steps in the prison administrative grievance process, does not amount to proper exhaustion.").  Even if the letter was sufficient, plaintiff did not state that this letter was sent before he

filed this lawsuit. This letter also does not satisfy the procedure for a personal injury claim because plaintiff does not indicate that it was sent within ten days of the September 17, 2010 incident. K.A.R. § 44-16-104a. Therefore, plaintiff failed to produce evidence that creates a genuine issue of material fact.

In reaching this decision, the court also reviewed an unsworn April 7, 2011 letter plaintiff sent to the court. Although plaintiff alleges in this letter that he sent a letter to the warden and that the staff at LCF interfered with his administrative remedies, he has presented no evidence of these allegations. And, without other evidence, an unsworn allegation is not sufficient to create a genuine factual dispute. *Gorton v. Williams*, 309 F. App'x 274, 275 (10th Cir. 2009) (determining that unsworn allegations do not create a genuine factual dispute and affirming summary judgment to defendant for failure to exhaust administrative remedies).

The exhaustion of administrative remedies is not discretionary. *Booth v. Churner*, 532 U.S. 731, 733 (2001). Instead, it is a precondition to bringing litigation. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1140–41 (10th Cir. 2005). Plaintiff failed to produce evidence creating a genuine issue regarding his exhaustion of administrative remedies. Therefore, defendant is entitled to summary judgment. Because defendant is entitled to summary judgment, the court does not address the other arguments in defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 12) is granted. Defendant is entitled to summary judgment on defendant's affirmative defense of exhaustion of administrative remedies. This case is closed.

Dated at this 14th day of November, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge